# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 10, 2022

Lyle W. Cayce
Clerk

No. 21-10813
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JUAN MANUEL CONTRERAS-ZAMORA,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:20-CR-339-25

Before KING, COSTA, and HO, *Circuit Judges*.

PER CURIAM:*

Following a jury trial, Juan Manuel Contreras-Zamora was convicted of conspiracy to possess with intent to distribute 50 grams or more of methamphetamine (21 U.S.C. § 846), attempted possession with intent to distribute 500 grams or more of a mixture or substance containing a

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 21-10813

detectable amount of methamphetamine (§ 846); and possession of a firearm in furtherance of a drug-trafficking crime, aiding and abetting (18 U.S.C. § 924(c)(1)(A) and 18 U.S.C. § 2). On appeal, Contreras-Zamora challenges the district court's denial of his motion to suppress inculpatory statements he made during an interview with investigators after he invoked his right to counsel.

When reviewing a district court's denial of a motion to suppress, we review factual findings for clear error and legal conclusions de novo. *United States v. Carrillo*, 660 F.3d 914, 922 (5th Cir. 2011). If "a suspect who is subject to custodial interrogation exercises his right to counsel, law enforcement officers must cease questioning until counsel is made available to him, unless the accused himself initiates further communication, exchanges or conversations with the officers." *United States v. Montes*, 602 F.3d 381, 385 (5th Cir. 2010). A suspect must invoke his right to counsel "unambiguously." *Davis v. United States*, 512 U.S. 452, 459 (1994). If a suspect makes a statement concerning the right to counsel "that is ambiguous or equivocal" or makes no statement, police are not required to end the interrogation or ask questions to clarify whether he wants to invoke his right to counsel or to remain silent. *Id.* at 459-62. An unambiguous invocation of counsel is one in which the suspect articulates "his desire to have counsel present sufficiently clearly that a reasonable police officer in the circumstances would understand the statement to be a request for an attorney." *Id.* at 459. We have stated that a suspect's purported invocation of counsel should not be viewed in isolation, but in "the entire context in which [he] made the comments." *Carrillo*, 660 F.3d at 921.

The instant case is similar to *Carrillo*. As the district court found, Contreras-Zamora is "an experienced criminal," and he was advised of his rights both at the time of his arrest and early on during his later interview. Despite his knowledge of his rights, Contreras-Zamora initially chose to

waive them and speak with law enforcement officials. During his interview, Contreras-Zamora did tell the investigators, "I need my lawyer," a statement which, in isolation, might be viewed as an unequivocal invocation of his right to counsel. However, after one of the investigators replied with a single word, "[o]kay," Contreras-Zamora immediately continued speaking to the investigators and attempted to dispute the evidence they already had told him had been found in his vehicle. In addition, he never indicated that he would stop the interview until an attorney was present or repeated a request for a lawyer. Under these circumstances, we conclude that a reasonable officer would not have understood that Contreras-Zamora was seeking to terminate the interview; instead, as in *Carrillo*, we conclude that a reasonable officer would have understood that Contreras-Zamora wanted to continue to talk, or at least that he was still making up his mind whether he would continue to talk. *See Carrillo*, 660 F.3d at 923.

AFFIRMED.